3
Allen C. Massey – 172024
Gregory S. Powell – 182199 – Assistant U.S. Trustee
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
501 "I" Street, Suite 7-500
Sacramento, CA 95814
(916) 930-2100 / *al.c.massey@usdoj.gov*

Attorneys for Tracy Hope Davis, United States Trustee

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| In re:<br><br>DIANA EVANS,<br><br><br><br><br><br>Debtor.<br>_____ / | Case No.   17-26013-B-7<br><br>DCN:         UST-1<br><br>Judge:       Hon. Christopher D. Jaime<br>Date:         June 26, 2018<br>Time:        9:30 a.m.<br>Courtroom: 32, Sixth Floor<br>                  501 I Street, Sacramento, CA |

**UNITED STATES TRUSTEE'S MOTION**
**FOR SANCTIONS AGAINST DEBTOR'S COUNSEL**

**I.     INTRODUCTION**

The United States Trustee ("UST") requests the Court enter an order imposing sanctions against Jonathan D. Matthews, Esq. ("Debtor's Counsel" or "Mr. Matthews"), for filing Debtor's petition in captioned case as part of a scheme to improperly delay Debtor's lender and the lenders of other debtors that he represented. Mr. Matthews conduct is sanctionable under the Court's inherent authority to sanction bad faith or willful misconduct and/or under Bankruptcy Rule 9011.

Pursuant to FED. R. EVID. 201, judicial notice is requested of the cases and case documents described in the supporting memorandum of points and authorities, which have been filed in the U.S. Bankruptcy Courts for the Eastern, Northern, and Southern Districts of

California ("EDCA," "NDCA" and "SDCA," respectively). This motion is based upon the concurrently filed memorandum of points and authorities, the record in the bankruptcy cases, and such evidence as may be filed to supplement this motion or as may be introduced at the hearing on this motion.

**II.　SUMMARY OF FACTS**

Mr. Matthews' filing of Debtor's chapter 13 petition in captioned case on September 9, 2017, created the fifth bankruptcy case, in less than three years, that asserted an interest in Debtor's distressed residence. The first two chapter 13 cases were filed pro se by Debtor in 2015. The last three cases were filed in 2017 by Mr. Matthews, first, for an unrelated client (asserting a 10% interest in Debtor's residence), next, for Debtor's spouse, and then captioned case for Debtor. Each of these filings imposed the automatic stay against actions affecting property under 11 U.S.C. § 362(a).

After filing captioned case, Mr. Matthews filed at least two additional cases that asserted interests in Debtor's residence. On January 9, 2018, Mr. Matthews filed an unrelated debtor's case that asserted a 10% interest in Debtor's residence, and, on April 7, 2018, Debtor's Counsel filed one more case for Debtor's spouse that asserted a Fee Simple interest in Debtor's residence. The latter filing for Debtor's spouse occurred four days before the Court granted relief from the automatic stay as to Debtor's residence in the current case. With these latter cases, Mr. Matthews, himself, has filed at least five (5) cases within a seven (7) month period that asserted interests in Debtor's residence, obviously, to impose or reimpose automatic stays against Debtor's lender.

Additionally, Mr. Matthews used Debtor's captioned case to delay his other clients' lenders. On the date he filed Debtor's petition, Mr. Matthews filed unverified schedules in

captioned case that asserted not only Debtor's Fee Simple interest in her residence, but 10% interests in four other real properties.[1] These latter properties had previously been asserted in other debtors' cases filed by Mr. Matthews. Subsequently, these 10% properties were again asserted in other of Mr. Matthews' clients' newly filed cases. Mr. Matthews continued to use captioned case to delay other lenders. After the filing date of Debtor's petition, Mr. Matthews filed additional unverified schedules in captioned case asserting Debtor's interests in other real properties that had been or would be asserted in other of Mr. Matthews' clients' cases.

While Debtor's schedules asserted interests in multiple properties, Debtor's Chapter 13 Plan, stating a $330,000 arrears to a single creditor, failed to propose any arrearage dividend to it or to other secured creditors. Though proposing a mere $500 monthly payment, Debtor made no plan payments. Motions for relief from the automatic stay have been filed by secured creditors in captioned case for most of the properties asserted therein. Relief has been granted on the motions that have had hearings; hearings are pending for the remaining motions.

## III. CONCLUSION

WHEREFORE, the UST requests sanctions be imposed against Debtor's Counsel sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. A $1,000 sanction is recommended.

Respectfully submitted,

Gregory S. Powell,
Assistant United States Trustee

Dated: May 16, 2018  By:  /s/ Allen C. Massey
Attorney for Tracy Hope Davis,
United States Trustee

---

[1] Debtor had not asserted any of these 10% interests in her pro se 2015 cases.