


UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 17-26013-B-7 |
| DIANA EVANS, | DC No. UST-1 |
| Debtor(s). | |

**MEMORANDUM DECISION**

Introduction

    The United States trustee moves, pursuant to Federal Rule of Bankruptcy Procedure 9011 and the court's inherent authority, to impose sanctions of $1,000.00 against Jonathan D. Matthews, attorney for debtor Diane Evans, for filing the petition in this bankruptcy case as part of a scheme to improperly delay the debtor's lenders and the lenders of other debtors that Mr. Matthews represented in the Eastern, Northern, and Southern Districts of California. Mr. Matthews filed a declaration in response to the motion.

    A hearing on the United States trustee's motion was held on June 26, 2018. Appearances were noted on the record. This memorandum constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a) applicable by Federal Rules of Bankruptcy Procedure 7052 and 9014.

    For the reasons explained below, the court concludes that sanctions are warranted.

<u>Findings of Fact</u>

Mr. Matthews filed this case, originally as a Chapter 13 case, on September 19, 2017.[1]  This case was converted from a Chapter 13 case to a Chapter 7 case on February 9, 2018, based on the debtor's failure to prosecute the case after the court sustained the Chapter 13 trustee's objection to the debtor's plan and for the debtor's failure to make plan payments both resulting in unreasonable delay prejudicial to creditors.

With her petition in this case, the debtor filed a Schedule A/B and an "Attachment".  The Schedule and Attachment were not verified and they did not contain an unsworn declaration per 28 U.S.C. § 1746.

In her Schedules and Attachment, the debtor claimed an interest in the following properties:

(1) 707 Daniels Avenue, Vallejo, California, Fee Simple (debtor lived here per her petition);

(2) 145 Duane Lane, Martinez, California (10% interest);

(3) 624 E Street, Martinez, California (10% interest);

(4) 433 Thistle Circle, Martinez, California (10% interest); and

(5) 320 South Orange, Turlock, California (10%

---

[1] This is the debtor's third non-productive bankruptcy case. Prior to filing this case, on February 23, 2015, the debtor filed, also in the Eastern District, case no. 15-21350, which was dismissed on July 8, 2015, based on the debtor's failure to appear at the § 341 meeting and provide the Chapter 13 trustee with tax returns and payment advices.  The debtor also filed case no. 15-27853 on October 7, 2015, which again was dismissed on January 22, 2016, based on the debtor's failure to appear at the § 341 meeting and provide tax returns.  The debtor filed both cases pro se.

- 2 -

interest).

The debtor apparently also held an interest in the following properties which did not appear to be scheduled:

(1) 2219 Scenic Avenue, Martinez, California (interest not stated); and

(2) 7609 Seattle Drive, La Mesa, California (10% interest).

During the course of this case, several secured creditors moved, under § 362(d)(4), for relief from the automatic stay of § 362(a). These include:

(1) On November 10, 2017, U.S. Bank filed a motion for relief from the automatic stay for the property at **433 Thistle Circle**. That motion was granted on January 12, 2018, and in granting that motion the court made the following findings of fact and conclusions of law:

> It appears that the Debtor was part of a greater scheme to thwart Movant from foreclosing on the Property located at 433 Thistle Circle, Martinez, California. Noteworthy is the fact that Debtor is associated with the many individuals who engaged in the intricate scheme to delay, hinder, or defraud creditor Wells Fargo Bank, N.A. from foreclosing on a different property in the Virgil Leroy Evans bankruptcy. *See* case no. 17-23313, dkt. 53.
>
> Here, eight individuals have obtained an interest in the Property at varying times without Movant's knowledge or consent. These individuals are Karen Nierhake, Carl Gonsalves, Terese M. Robinson, Diana Evans, Paul Reeder, Deon Booker, Virgil Leroy Evans, Wesley Earl Stetenfeld. All but one have filed for bankruptcy, with many filing multiple bankruptcies and none receiving a discharge. Indeed, the majority were dismissed for failure to file information, failure to appear, and failure to make plan payments, and two were dismissed for abuse. *See* Terese M. Robinson, Northern District of California (Santa Rosa), case no. 14-11610; Paul Lawrence Reeder, Southern District of California (San Diego), case no. 17-00136.
>
> From 25 separate bankruptcy proceedings that

> have spanned eight years and three districts in California, the court finds that the filing of these bankruptcies prevented Movant from foreclosing on its Property. The Property has passed through multiple parties, including the Debtor, and these parties filed for bankruptcy and all of their cases were dismissed. Since the Debtor was part of a greater scheme to delay, hinder, or defraud the Movant, the court is not persuaded that the Debtor has filed this bankruptcy petition in good faith.

Dkt 84.

(2) On March 27, 2018, The Bank of New York Mellon filed a motion for relief from the automatic stay for the property at **145 Duane Lane**. That motion was granted on May 2, 2018, and it included relief granted under § 362(d)(4).

(3) On April 10, 2018, U.S. Bank filed a motion for relief from the automatic stay for the property at **7609 Seattle Drive**. That motion was granted on May 16, 2018, and, again, relief was granted under § 362(d)(4).

(4) On April 17, 2018, Wilmington Trust filed a motion for relief from the automatic stay for the property located at **2219 Scenic Avenue**. That motion was granted on May 16, 2018, and, again, it included relief under § 362(d)(4).

None of the above-referenced orders granting relief under § 362(d)(4) - or their supporting findings of fact and conclusions of law - were appealed. There were no requests for reconsideration of any of those orders.

On June 7, 2018, the court dismissed this case "with prejudice" with the "with prejudice" being a bar to the filing of any single or joint bankruptcy case by the debtor for a period of one year. In dismissing this case with prejudice, the court found and concluded:

> A dismissal with prejudice is appropriate here. The earlier determination in this case that the debtor engaged in a scheme to delay, hinder, or defraud a secured creditor and that she did not file the petition

> in this case in good faith and the debtor's history of repeatedly filing non-productive bankruptcy cases is bad faith conduct, a manipulation of the Bankruptcy Code, and the filing of bankruptcy cases in an inequitable manner and for an improper purpose. Therefore, cause for dismissal with prejudice exists.

Dkt 186 at 3:4-12.

The "with prejudice" dismissal order was not appealed. There also was no timely request for reconsideration of that order.

The interests that the debtor claimed in the above-referenced properties were also claimed by other debtors in the following bankruptcy cases:

### 707 Daniels Avenue, Vallejo

| District | Case No. | Case Name | File Date | Interest | Exhibit |
|---|---|---|---|---|---|
| NDCA | 17-40553 | Nuezca, Samuel | 2/28/2017 | 10% | 4, 5, 6 |
| EDCA | 17-23313 | Evans, Virgil | 5/16/2017 | Fee Simple | 7, 8, 9 |
| SDCA | 18-00074 | Reeder, Paul | 1/9/2018 | 10% | 10, 11, 12 |
| EDCA | 18-22102 | Evans, Virgil | 4/7/2018 | Fee Simple | 13, 14, 15 |

### 145 Duane Lane, Martinez

| District | Case No. | Case Name | File Date | Interest | Exhibit |
|---|---|---|---|---|---|
| NDCA | 17-40553 | Nuezca, Samuel | 2/28/2017 | 10% | 4, 5, 6 |
| NDCA | 17-41543 | Fischer, Charles | 6/13/2017 | 10% | 18, 19, 20 |
| SDCA | 18-00074 | Reeder, Paul | 1/9/2018 | 10% | 10, 11, 12 |
| EDCA | 18-22102 | Evans, Virgil | 4/7/2018 | 10% | 13, 14, 15 |

### 624 E Street, Martinez

| District | Case No. | Case Name | File Date | Interest | Exhibit |
|---|---|---|---|---|---|
| EDCA | 17-23313 | Evans, Virgil | 5/16/2017 | 10% | 7, 8, 9 |
| NDCA | 17-41543 | Fischer, Charles | 6/13/2017 | 10% | 18, 19, 20 |
| SDCA | 18-00074 | Reeder, Paul | 1/9/2018 | 10% | 10, 11, 12 |
| EDCA | 18-22102 | Evans, Virgil | 4/7/2018 | 10% | 13, 14, 15 |

### 433 Thistle Circle, Martinez

| District | Case No. | Case Name | File Date | Interest | Exhibit |
|---|---|---|---|---|---|
| SDCA | 17-001362 | Reeder, Paul | 1/12/2017 | undescribed | 34, 35, 36 |
| EDCA | 17-23313 | Evans, Virgil | 5/16/2017 | 10% | 7, 8, 9 |

**320 South Orange, Turlock**

| District | Case No. | Case Name | File Date | Interest | Exhibit |
|---|---|---|---|---|---|
| NDCA | 17-41543 | Fischer, Charles | 6/13/2017 | 10% | 18, 19, 20 |
| SDCA | 18-00074 | Reeder, Paul | 1/9/2018 | 10% | 10, 11, 12 |

**10637 Highway 1, Jenner**

| District | Case No. | Case Name | File Date | Interest | Exhibit |
|---|---|---|---|---|---|
| SDCA | 18-00074 | Reeder, Paul | 1/9/2018 | 10% | 10, 11, 12 |

**2219 Scenic Avenue, Martinez**

| District | Case No. | Case Name | File Date | Interest | Exhibit |
|---|---|---|---|---|---|
| NDCA | 17-41543 | Fischer, Charles | 6/13/2017 | Fee Simple | 18, 19, 20 |
| NDCA | 17-42376 | Fischer, Charles | 9/21/2017 | Fee Simple | 29, 30 |
| SDCA | 18-00074 | Reeder, Paul | 1/9/2018 | 10% | 10, 11, 12 |
| EDCA | 18-22102 | Evans, Virgil | 4/7/2018 | 10% | 13, 14, 15 |

**7609 Seattle Drive, La Mesa**

| District | Case No. | Case Name | File Date | Interest | Exhibit |
|---|---|---|---|---|---|
| SDCA | 17-00136 | Reeder, Paul | 1/12/2017 | Tenancy | 34, 35, 36 |
| EDCA | 17-23313 | Evans, Virgil | 5/16/2017 | 10% | 7, 8, 9 |
| SDCA | 18-00074 | Reeder, Paul | 1/9/2018 | Fee Simple | 10, 11, 12 |
| EDCA | 18-22102 | Evans, Virgil | 4/7/2018 | 10% | 13, 14, 15 |

Mr. Matthews confirmed during the hearing held on the United States trustee's motion that he was the attorney of record for the debtors in the above-referenced bankruptcy cases. He also stated that he represented some of the original borrowers who conveyed fractional interests to some of those debtors and that he performs all of his own work without the assistance of staff.

Like this case, each of the above-referenced bankruptcy cases were non-productive. In particular:

(1) In re Samuel Acosta Nuezca, No. 17-40553 (Bankr. N.D. Cal. 2017), was filed on February 28, 2017, and dismissed on September 20, 2017, based on a lack of activity in the case for nearly seven months.

(2) In re Charles Fischer, No. 17-41543 (Bankr. N.D. Cal. 2017), was filed June 13, 2017, and dismissed on September 22, 2017, for failure to make plan payments.

(3) In re Charles Fischer, No. 17-42376 (Bankr. N.D. Cal. 2017), was filed on September 21, 2017 (the day before Mr. Fischer's prior case was dismissed) and dismissed on October 10, 2017, for failure to timely comply with an earlier order for the debtor to provide a social security number.

  (4) <u>In re Paul Reeder</u>, No. 18-00074 (Bankr. S.D. Cal. 2018), was filed on January 9, 2018, and dismissed under § 109(g) on February 20, 2018, with a 180-day bar to refiling based on the debtor's failure to timely file documents.

  (5) <u>In re Virgil Evans</u>, No. 18-22102 (Bankr. E.D. Cal. 2018), was filed on April 7, 2018. The debtor requested a voluntary dismissal on May 7, 2018, which was denied on June 18, 2018.

  Mr. Matthews offers no reasonable explanation for his conduct in this case. Mr. Matthews also fails to adequately explain or justify the other bankruptcy cases that he filed in other districts throughout California and in which the other debtors he represented in those bankruptcy cases also claimed fractionalized interests in the same property in which the debtor in this case also claimed similar fractional interests.

  Mr. Matthew's explanation of the <u>Nuezca</u> case in particular is troubling and it reflects his lack of credibility with this court. With regard to the <u>Nuezca</u> case, Mr. Matthews states that the debtor "had numerous consumer debts[,]" Dkt 192 at 2:7, and that the debtor "eventually had his case dismissed when he was fortunately able to work out a modification for his home." Dkt 192 at 2:11-13. The court has reviewed the audio file of the dismissal hearing held in the <u>Nuezca</u> case, and Mr. Matthews' representation is not entirely accurate. During that hearing the Chapter 13 trustee noted that the debtor had one timely-filed $481.00 claim. And Mr. Matthews also stated that the debtor had not yet received a loan modification. So, in other words, the debtor did not have numerous consumer debts and the case was not dismissed because the debtor obtained a loan modification.

Conclusions of Law

This case, and the other bankruptcy cases that Mr. Matthews filed for debtors claiming fractionalized interests in the same properties in which the debtor in this case also held interests, some fractionalized, reflects a remarkably consistent pattern of abuse in the form of filing bankruptcy cases in bad faith and without the intent to appear before the court in proper prosecution of the case. Accordingly, the court concludes from the record now before it, as well as the record in the other cases noted hereinabove in which Mr. Matthews was counsel of record for the respective debtors, that Mr. Matthews is aiding debtors in an abuse of the bankruptcy process that is calculated to hinder, delay, and defraud lenders in their efforts to foreclose and/or exercise their rights under applicable non-bankruptcy law with regard to their respective real property collateral.

The court also concludes that Mr. Matthews' conduct is tantamount to bad faith and, given the consistent pattern of it, willful. That Mr. Matthews performs all his own work and that he represented some of the original borrowers who conveyed fractional interests to individuals who then filed bankruptcy and whom Mr. Matthews also represented in their bankruptcy cases is a clear indication that Mr. Matthews was aware of his conduct and intended to engage in it.

Therefore, for the foregoing reasons, the court concludes that sanctions are appropriate. See Chambers v. NASCO, Inc., 501 U.S. 32, 42-47 (1991); Caldwell v. Unified Capital Corp. (In re Rainbow Magazine), 77 F.3d 278, 284 (9th Cir. 1996); Knupfer v. Lindblade (In re Dyer), 322 F.3d 1178, 1196-97 (9th Cir. 2003).

The United States trustee has requested a monetary sanction of $1,000.00. That request will be denied. In lieu of a monetary sanction the court will bar Mr. Matthews, effective August 1, 2018, from filing new bankruptcy cases or adversary proceedings in the Eastern District of California until he has completed ten (10) hours of continuing legal education in legal ethics that the State Bar of California approves as meeting the standard for California-compliant Continuing Legal Education, that is taught by a provider approved by the State Bar, and that is not self-study but a participatory activity for which the provider verifies attendance. Proof of attendance and completion shall be provided to the clerk of this court when the ten (10) hours of continuing legal education has been completed.

A final order shall issue.

Dated: July 3, 2018.

_____
UNITED STATES BANKRUPTCY JUDGE

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

Jonathan D. Matthews
13885 Doolittle Drive, #105
San Leandro Ca 94577

Allen C. Massey
501 I St #7-500
Sacramento CA 95814